NIAGARA COUNTY—HON. M. M. SOUTHWORTH, SURROGATE—March, 1859.

## STOW *v.* STOW.

*In the Matter of proving the Last Will and Testament of*
HORATIO J. STOW, *deceased.*

Mere absence of an attesting witness from the State, abroad on a journey or tour, does not authorize proof of the will by proving the handwriting of the testator and of the witness. To entitle such testimony to be given, the witness must reside out of the State.

The statute providing for such proof, where all or any of the witnesses "reside" out of the State (3 *Rev. Stat.*, 5 ed., 139, 140, §§ 9, 12), imports something more than mere absence from the State. The word should be taken in its broadest legal signification, and means actual residence, without regard to the domicil.

THE SURROGATE.—The executor, in this case, propounds the last will and testament of the deceased for probate. One of the two witnesses to the will, James O. Putnam, of the city of Buffalo, is now temporarily absent on a tour in Europe. His family remain at Buffalo, and he is expected home this spring. It is proposed to complete the proof of the will by the testimony of the other witness, and by proof of the handwriting of the testator, and of the absent witness, on the ground that this testimony is admissible when a witness is out of the State. Whatever the rule of the common law may be, under the statutes of this State in proceedings before Surrogates' Courts with respect to proving wills, the evidence cannot be given. The cases in which this species of secondary evidence may be resorted to, are particularly mentioned, and the language is, that when all or any of the witnesses "shall reside out of the State," among other cases, this proof shall be received. (3 *Rev. Stat.*, 5 ed., 139, 140, §§ 9, 12.) These sections are obligatory in the instances specified, although they may not be in other cases not specified. (*Peebles* v. *Case*, 2 *Bradf.*, 243.)

The word "reside," as used in these sections, imports something more than the mere absence of the witness from the State on a journey or tour. The latter view does not give effect to all the words of the statute, as that would be its precise reading by striking out that term. The meaning of the expression, "not a resident of this State," and of the word, "resident," when used in our statutes, is very fully and ably explained by BRADFORD, Surrogate, in the case of *Isham* v. *Gibbons* (1 *Bradf.*, 69). From his reasoning, and the authorities cited by him, while it is apparent that in the provisions of our statutes relating to testamentary matters, the terms "resident" and "inhabitant" usually have the same purport, and are to be construed with reference to the "domicil" of the testator; there are, however, cases where a more liberal interpretation has been given to the words "resident" and "non-resident," and where actual residence, without regard to the domicil, has been held to be within the contemplation of particular statutes. I think the sections to which I have referred fall within this class; and as they relate to the remedies of parties, and modes of proceeding, the word "reside," as used in them, should be taken in its broadest legal sense, and should be held to apply where the witness is residing abroad; that is, having a fixed residence, without an intention of remaining, sufficient to constitute a domicil. But the witness, Putnam, is not within this rule. He is journeying from place to place, and stopping here and there, as a traveller only; and having no actual residence anywhere out of this State.

There may be instances where parties may be put to great inconvenience by the view taken in this case; but if this is the true interpretation of the law, it must be submitted to until a change is effected, not by courts, but by legislative authority.

As the evidence offered cannot be received, the hearing must be postponed, and the personal attendance of the witness procured, before the proof of the will can be completed.